UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AHSSAN KHALIL,
    Plaintiff,
v.

DIRECTV, LLC,
a California company,

    Defendant.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN**, and for his Complaint against the Defendant, pleads as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

**PARTIES**

3. The parties to this lawsuit are:

    a. Ahssan Khalil is the Plaintiff in this action. He resides the City of Lincoln Park, Michigan in the County of Wayne. He is a "Consumer" as defined by the FCRA at 15 U.S.C. 1681a(c).

    b. Directv, LLC, ("DirecTv"), is a California company that maintains a registered agent in Oakland County, Michigan.

1

## VENUE

4. Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendant conducts business in Michigan, has a registered office in Michigan or a substantial part of the events or omissions giving rise to the claims herein occurred in Michigan.

## GENERAL ALLEGATIONS

5. In May 2016, Mr. Khalil called DirecTV to inquire about its services. However, he never signed up with any services with it. Mr. Khalil has never had services with DirecTV.

6. On or about May 4, 2016, Mr. Khalil obtained his Equifax credit file and noticed that DirecTV obtained his Equifax credit file via a hard inquiry.

7. On or about May 13, 2016, Mr. Khalil sent DirecTV a letter stating that he never gave it permission to pull his credit report. In this letter, Mr. Khalil stated that he requested that DirecTV either mail him a signed authorization form that gave it the right to view his credit file or that it remove the inquiry. He sent this same letter to Equifax. This letter was sent to both Equifax and DirecTV via certified mail.

8. Shortly after sending the above letter, Mr. Khalil called DirecTV and asked why it obtained his Equifax credit file. The representative he spoke with admitted that it should not have obtained his credit file.

9. On or about June 22, 2016, Mr. Khalil received investigation results from Equifax. This stated, "Inquiries are a factual record of file access. If you believe this was unauthorized, please contact the creditor."

10. On or about July 12, 2016, Mr. Khalil obtained his Equifax credit report which showed that DirecTV retained the hard inquiry date of May 4, 2016.

11. On or about July 19, 2016, Mr. Khalil obtained his Equifax credit file again and this shows that DirecTV was still reporting its hard inquiry on May 4, 2016.

12. To date, Mr. Khalil has not received any response from DirecTV regarding the above letter he sent it dated May 13, 2016.

13. DirecTV never had any federally permissible purpose as required by 15 U.S.C. 1681b to obtain the Plaintiff's Equifax credit report as Plaintiff, did not apply for credit, apply for a job or for insurance, have an open credit account, or owe money to DirecTV or, in any fashion, have any business relationship with it.  DirecTV never had a legitimate need for the Plaintiff's consumer credit reports.

### COUNT I: VIOLATION OF THE FCRA BY DIRECTV— NEGLIGENTLY AND/OR KNOWINGLY OBTAINING A CONSUMER REPORT WITHOUT A PERMISSIBLE PURPOSE

14. Plaintiff incorporates the preceding paragraphs.

15. Plaintiff never applied for credit with DirecTV.

16. DirecTV never had any federally permissible purpose as listed at 15 U.S.C. 1681b to obtain the Plaintiff's consumer credit reports from any credit reporting agency.

17. DirecTV acted willfully and/or negligently in requesting and obtaining Plaintiff's credit report without a federally permissible purpose as required by 15 U.S.C. 1681b.

18. DirecTV has therefore violated Plaintiff's rights under 15 U.S.C. §1681b(f).

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in his favor and against Defendant DirecTV as follows:

a. pursuant to 15 U.S.C. § 1681n(a) (1) (B), award him actual or statutory damages, or $1,000 for each access of his credit report, whichever is greater;

b. pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive or exemplary damages as the Court deems appropriate;

c. pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; or

d. pursuant to 15 U.S.C. § 1681o award her actual damages, plus costs, interest and attorneys' fees; and

e. grant such other and further relief as the court deems just and proper.

**COUNT II: VIOLATION OF THE FCRA BY DIRECTV – FALSELY CERTIFYING OR FAILING TO CERTIFY THE PURPOSE FOR WHICH THEY INTENDED TO USE PLAINTIFF'S CONSUMER CREDIT REPORTS.**

19. Plaintiff incorporates the preceding paragraphs.

20. DirecTV was required to certify the purpose for which they intended to use the Plaintiff's consumer credit report in compliance with the FCRA at 15 U.S.C. 1681e.

21. DirecTV never had any federally permissible purpose to obtain the Plaintiff's consumer credit report and hence, were never in a position to certify to any credit reporting agency that they had a right to pull his credit report for any reason.

22. Nevertheless, DirecTV obtained the Plaintiff's consumer credit report.

23. DirecTV either falsely certified to Equifax that they had a federally permissible purpose for which to obtain the Plaintiff's consumer credit report or failed to provide such certification as required by 15 U.S.C. 1681b(f)(2).

4

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in her favor and against DirecTV as follows:

a.  pursuant to 15 U.S.C. § 1681n(a) (1) (B), award him actual or statutory damages, or $1,000 for each access of his credit report, whichever is greater;

b.  pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive or exemplary damages as the Court deems appropriate;

c.  pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; or

d.  pursuant to 15 U.S.C. § 1681o award his actual damages, plus costs, interest and attorneys' fees; and

e.  grant such other and further relief as the court deems just and proper.

## COUNT III – INVASION OF FINANCIAL PRIVACY BY DIRECTV

24. Plaintiff incorporates the preceding paragraphs.

25. Plaintiff's credit information is private.  He has a right to privacy of that information as promulgated in the FCRA.

26. DirecTV, in contravention of the FCRA, obtained the Plaintiff's private credit information

27. Plaintiff has been damaged by the Defendant's invasion of Plaintiff's private consumer credit information.

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in his favor and against defendant as follows:

a. award him actual damages, costs, interest and attorneys' fees;

b. declare and order that Defendant's conduct in obtaining his credit report without a permissible purpose is a violation of the FCRA;

c. order preliminary and permanent injunctive relief enjoining and restraining DirecTV from keeping or publishing the illegally obtained credit report(s), or requesting new reports; directing DirecTV to return to Plaintiff all copies or abstracts of her consumer report or any information contained therein; and

d. grant such other and further relief as the court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

August 19, 2016        /s/ Gary Nitzkin
                       GARY D. NITZKIN (P 41155)
                       TRAVIS SHACKELFORD P68710
                       MICHIGAN CONSUMER CREDIT LAWYERS
                       Attorneys for Plaintiff
                       22142 West Nine Mile Road
                       Southfield, MI 48033
                       (248) 353-2882
                       Fax (248) 353-4840
                       Email – gary@micreditlawyer.com